

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALFRED C. MERRICK                                   CIVIL ACTION

VERSUS                                              NUMBER: 00-271

STATE OF LOUISIANA,                                 SECTION: "T"(5)
ET AL.

REPORT AND RECOMMENDATION

Pursuant to an order of reference from the District Judge (rec. doc. 2), presently before the Court is the wrongful imprisonment civil rights action of pro se plaintiff, Alfred C. Merrick, against defendants, the State of Louisiana, the Louisiana Treasury Secretary, the Louisiana Secretary of State, the Plaquemines Parish District Attorney's Office, the Twenty-Fifth Judicial District Court for the Parish of Plaquemines, Judge Michael E. Kirby, the Plaquemines Parish Sheriff's Department, and District Attorney Darryl W. Bubrig, Sr.[1]/

---

[1]/ Plaintiff has paid the full $150.00 civil action filing fee herein. By doing so, he avoided the effect of a "Clovis Green" order that was previously imposed on him in Merrick v.

DATE OF MAILING  MAR 29 2000     DATE OF ENTRY  MAR 29 2000     Fee___
                                                                Process___
                                                                X Dktd ___
                                                                _ CtRmDep___
                                                                Doc No. 5

Although plaintiff's complaint is difficult to decipher, it appears that he is seeking $1.00 for each second that he served on three concurrent, twenty-five day plea-based sentences that were imposed by Judge Kirby on March 22, 1999.[2] As it is authorized to do, the Court will proceed to consider the sufficiency of the allegations set forth in plaintiff's complaint on its own initiative. First Gibraltar Bank, FSB v. Smith, 62 F.3d 133, 135 (5th Cir. 1995); Guthrie v. Tifco Industries, 941 F.2d 374, 379 (5th Cir. 1991), cert. denied, 503 U.S. 908, 112 S.Ct. 1267 (1992)(citing 5A C. Wright & C. Miller, Federal Practice & Procedure §1357, at 301 (1990)).

Plaintiff's challenge, presumably under 42 U.S.C. §1983, to

---

Sulliven, et al., CA 90-1948 "C"(2).

[2] According to the documents attached to his complaint, Merrick pled guilty to culling oysters from a closed area, operating without an oyster harvesting license, and operating a vehicle without proof of liability insurance in case numbers 92-730, 92-731, and 89-1223, respectively, on the docket of the Twenty-Fifth Judicial District Court and was given three concurrent, twenty-five day sentences with credit for time served. Merrick has apparently served those sentences and now resides in Harvey, Louisiana. More recently, he filed a "motion...[to] recant guilty plea" with respect to each of the aforementioned state court criminal cases. (Rec. doc. 4).

the validity of his state court convictions and confinement is governed by <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364 (1994) and its progeny.[3]/ <u>See</u>, e.g., <u>Jackson v. Vannoy</u>, 49 F.3d 175, 177 (5th Cir.), <u>cert</u>. <u>denied</u>, 516 U.S. 851, 116 S.Ct. 148 (1995); <u>McGrew v. Texas Board of Pardons & Paroles</u>, 47 F.3d 158, 160-61 (5th Cir. 1995). Absent a showing that plaintiff's convictions have been reversed on direct appeal, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, he has no §1983 cause of action. <u>Johnson v. McElveen</u>, 101 F.3d 423, 4245 (5th Cir. 1996); <u>Littles v. Board of Pardons and Paroles Division</u>, 68 F.3d 122, 123 (5th Cir. 1995); <u>McGrew</u>, 47 F.3d at 160-61.

The progeny of <u>Heck</u> also makes it appropriate for the Court to consider immunity-based and similar defenses available to the named defendants. <u>Boyd v. Biggers</u>, 31 F.3d 279, 284 (5th Cir. 1994). Plaintiff's claim for monetary damages from the State, the Treasury

---

[3]/ Because plaintiff is no longer in custody pursuant to the convictions under attack, it would be inappropriate to construe his lawsuit as one seeking federal habeas corpus relief under 28 U.S.C. §2254.

3

Secretary, and the Secretary of State falters due to the Eleventh Amendment immunity that said entity and its officials enjoy. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304 (1989). Because neither state courts, <u>Moity v. Louisiana State Bar Association</u>, 414 F.Supp. 180, 182 (E.D. La.), <u>aff'd</u>, 537 F.2d 1141 (5th Cir. 1976)(table), nor sheriff's offices of parishes are considered to be "persons" within the meaning of §1983, <u>Davis v. Stanley</u>, 740 F.Supp. 815, 818 (N.D. Ala. 1987), <u>Ruggiero v. Litchfield</u>, 700 F.Supp. 863, 865 (M.D. La. 1988), it follows that district attorney's offices of parishes likewise lack the capacity to be sued under §1983 and that plaintiff's complaint fails to state a claim as to these three named defendants. Finally, plaintiff's §1983 claims against Judge Kirby and District Attorney Bubrig falter due to the absolute judicial, <u>Stump v. Sparkman</u>, 435 U.S. 349, 98 S.ct. 1099 (1978), and prosecutorial immunity, <u>Imbler v. Pachtman</u>, 424 U.S. 409, 96 S.Ct. 984 (1976), that they enjoy. For these reasons, it will be recommended that plaintiff's complaint be dismissed for failing to state a claim upon which relief can be granted.

RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed for failing to state a claim upon which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 28th day of March, 2000.

_____
UNITED STATES MAGISTRATE JUDGE

5